```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Trenise Brent, et al.,        :    CIVIL ACTION
                              :    NO. 19-6023
        Plaintiffs,           :
                              :
    v.                        :
                              :
First Student, Inc., et al.,  :
                              :
        Defendants.           :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                May 20, 2020

## I.   Introduction

Plaintiffs move to remand this case to state court, arguing that the Court lacks diversity jurisdiction because there is no diversity of citizenship and the amount in controversy does not exceed $75,000. But the only named defendant is a corporation, which as such is a citizen of two states—the state of incorporation, Delaware, and its principal place of business, Ohio—while Plaintiffs are citizens of Pennsylvania. And the extensive injuries alleged by at least one plaintiff make the amount in controversy greater than $75,000 to a legal certainty. Thus, while remand may be appropriate if the allegedly nondiverse John Doe defendant is joined to the case, it is not appropriate at this time.

## II.  Factual Background

Plaintiffs, Trenise Brent and Tyshe Harvey, filed a personal injury complaint in the Court of Common Pleas, seeking to recover damages resulting from a motor vehicle collision. The defendants in the complaint are First Student, a Delaware corporation with a principal place of business in Ohio, and John Doe, a fictitious name for the operator of the motor vehicle that allegedly caused the collision. The complaint alleges damages not exceeding $50,000 in the ad damnum clause, making the case eligible for Pennsylvania's compulsory arbitration program.[1]

Despite the $50,000 ad damnum clause, Plaintiffs allege extensive damages resulting from the injuries sustained in the collision at issue. Brent alleges permanent physical injuries, headaches, anxiety, loss of earnings, and loss of earning capacity. Brent's medical records show extensive injuries, including four cervical disc protrusions that have so far required multiple steroid injections. Brent's outstanding medical bills currently total $17,791. And Harvey alleges the same extent of injuries as Brent. Harvey's injuries have also been corroborated by medical records, which indicate traumatic

---

[1] The judicial districts of Pennsylvania may set local rules requiring civil cases with amounts in controversy less than $50,000 to be submitted to an arbitration panel. 42 Pa. Con. Stat. § 7361. Philadelphia's Court of Common Pleas has adopted this arbitration requirement. Phila. Civ. R. 1301.

cervical, thoracic, and lumbar sprains or strains. So far, Harvey's outstanding medical bills total $8,870.

Defendant First Student removed the case to federal court, alleging complete diversity and an amount in controversy in excess of $75,000. Subsequently, the parties submitted a proposed stipulation that the case be remanded to the Court of Common Pleas and "that the 30 day period to remove . . . shall begin on the date [that] a Notice of Appeal of an arbitration award is entered." The Court rejected this stipulation because it was effectively not binding and stipulations must be binding. See ECF No. 9.

Now Plaintiffs move to remand, arguing that there is no diversity of citizenship and that the amount in controversy does not exceed $75,000. They point out that the John Doe defendant has been identified and destroys diversity jurisdiction, but they do not move to formally join him to the action. They also argue that the amount in controversy does not exceed $75,000 because the ad damnum clause is limited to $50,000 and the case is eligible for Pennsylvania's compulsory arbitration program.

### III. Legal Standard

The Court has diversity jurisdiction over cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). A civil action

3

brought in a state court may be removed to the district court in the district where the state action is pending if the district court had original jurisdiction over the case. 28 U.S.C. § 1441(a).

The removing party bears the burden of demonstrating that the district court has jurisdiction over the case. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). Because federal courts are courts of limited jurisdiction, 28 U.S.C. § 1441 is to be strictly construed against removal. La Chemise Lacoste v. Alligator Co., 506 F.2d 339, 344 (3d Cir. 1974). And "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A motion to remand is evaluated under the "same analytical approach" as a Rule 12(b)(1) motion challenging subject matter jurisdiction. See Papp v. Fore-Kast Sales Co., 842 F.3d 805, 811 (3d Cir. 2016) ("A challenge to subject matter jurisdiction under Rule 12(b)(1) [or a motion to remand] may be either a facial or a factual attack." (quoting Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016))).

**IV. Discussion**

The Court currently has jurisdiction over this case because there is complete diversity of citizenship and at least one

plaintiff's claims exceed $75,000. But joinder of the allegedly nondiverse John Doe defendant may destroy diversity.

**A.   Diversity of Citizenship**

There is currently diversity of citizenship because the alleged nondiverse party has not yet been joined to the litigation. While diversity may be destroyed if the nondiverse party is joined to the litigation, Plaintiffs must first join this party before seeking remand on that basis.

Diversity jurisdiction requires complete diversity, and "jurisdiction is lacking if any plaintiff and any defendant are citizens of the same state." Mennen Co. v. Atl. Mut. Ins. Co., 147 F.3d 287, 290 (3d Cir. 1998) (citing Strawbridge v. Curtiss, 7 U.S. 267 (1806)). But when a case is removed, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).[2] Yet "when a nondiverse party is added to a federal proceeding and that party's presence is indispensable to the furnishing of complete relief, remand is mandated where federal subject matter jurisdiction depends on diversity jurisdiction, even though removal was originally proper." Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010–11 (3d Cir. 1987).

---

[2] See Brooks v. Purcell, 57 F. App'x 47, 51 (3d Cir. 2002) ("[W]e believe that Congress intended parties to be disregarded unless they were identified so that their citizenship could be ascertained.").

5

Because the John Doe defendant has only been named as a fictitious party, the Court cannot consider his citizenship.[3] Instead, for purposes of determining eligibility for remand, this John Doe defendant must be formally joined as a non-fictitious party before the Court considers whether he destroys complete diversity.[4] At this point, however, a challenge to complete diversity fails because the notice of removal alleges complete diversity between Plaintiffs and First Student, and those are the only non-fictitious parties, so they are the only parties considered for diversity jurisdiction. Therefore, there is complete diversity between the named parties.[5]

---

[3] See McPhail v. Deere & Co., 529 F.3d 947, 952 (10th Cir. 2008)( "We have no occasion here to apply these principles to the district court's decision, because Mrs. McPhail never attempted to amend her complaint."); cf. Curry v. U.S. Bulk Transp., Inc., 462 F.3d 536, 541 (6th Cir. 2006) ("Upon the order granting Curry's motion to amend his complaint to identify Priddy and Susman and add them as nondiverse defendants, complete diversity was destroyed, and so remand to state court was required at that time.").

[4] See Doleac v. Michalson, 264 F.3d 470, 477 (5th Cir. 2001) ("[W]e hold that § 1441[(b)(1)] applies only to John Doe defendants as such, not to subsequently named parties identifying one of those fictitious defendants.").

[5] One outstanding issue, on which there is no direct guidance from the Third Circuit, is whether the Court may exercise its discretion to refuse joinder of the previously unidentified defendant to retain jurisdiction. Compare Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 422 (3d Cir. 2010) ("Accordingly, we hold that Pyrotecnico is a dispensable party to this action and we will exercise our Rule 21 authority to dismiss Pyrotecnico on appeal, thus restoring complete diversity in this case."), and Aetna Life Ins. Co. v. Found. Surgery Affiliates, LLC, 358 F. Supp. 3d 426, 439 (E.D. Pa. 2018) ("Therefore, Defendant Huntingdon is not indispensable and can be dropped pursuant to Rules 19 and 21 in order to preserve this Court's diversity jurisdiction over this matter."), with Casas Office Machines, Inc. v. Mita Copystar Am., Inc., 42 F.3d 668, 674 (1st Cir. 1994) ("Here, as we explain below, Congress has indicated that federal diversity jurisdiction is defeated so long as, after removal, fictitious defendants are replaced with nondiverse, named defendants, regardless of whether they happen to be dispensable or indispensable to the action."). See also 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). The

**B.     Amount in Controversy**

The amount in controversy exceeds $75,000 in that the injuries alleged are extensive and of a permanent nature. And the $50,000 ad damnum clause, which triggers the state compulsory arbitration program, does not compel remand.

The party asserting diversity jurisdiction bears the burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000 to a legal certainty. Auto-Owners Ins. Co. v. Stevens & Ricci, Inc., 835 F.3d 388, 395 (3d Cir. 2016). The amount is measured "by a reasonable reading of the value of the rights being litigated." Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993). And "[i]n general, the distinct claims of separate plaintiffs cannot be aggregated when determining the amount in controversy." Auto-Owners Ins., 835 F.3d at 395. But if the claims of one plaintiff meet the amount in controversy requirement, the court may exercise supplemental "jurisdiction over the claims of plaintiffs permissively joined." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 560 (2005).

Here, the damages alleged, at least by Brent, show to a legal certainty that the jurisdictional amount in controversy is met. The injuries claimed are serious and permanent. Allegations

---

Court need not decide this issue until the Plaintiffs attempt to join the allegedly nondiverse party.

of serious and permanent physical injuries resulting in "loss of earnings and impairment of earning capacity and medical costs" are sufficient to establish that the jurisdictional minimum is met. Hocker v. Klurfield, No.15-cv-04262, 2015 WL 8007463, at *2 (E.D. Pa. Dec. 7, 2015).[6] Further, the medical record evidence of required treatment already amounts to $17,791 in medical expenses for Brent. And Plaintiffs' refusal to stipulate to a damages cap of $50,000 undercuts their claims about the amount in controversy.[7]

Ultimately, Plaintiffs do not factually contest the amount in controversy. Instead, Plaintiffs argue that the ad damnum clause, triggering the arbitration program, compels remand here.

It is well settled that an ad damnum clause below $75,000 does not by itself compel remand,[8] so the real issue here is whether eligibility for the arbitration program compels remand.

---

[6] See Ciglar v. Ruby Tuesday, Inc., No. 09-cv-239, 2009 WL 737367, at *5 (E.D. Pa. Mar. 19, 2009) ("[The amount in controversy requirement is met where] Plaintiff alleges that he has suffered 'serious and permanently disabling injuries,' requiring repeated doctors' visits, multiple MRIs, and six months of physical therapy consisting of 'spinal manipulation, manual traction, deep tissue massage, hydrotherapy, and exercise therapy.'"); Ciancaglione v. Sutherlin, No. 04-cv-2249, 2004 WL 2040342, at *3 (E.D. Pa. Sept. 13, 2004) ("[The jurisdictional minimum is met where] as a result of the accident Plaintiff suffers from 'right central disc protrusions at C5-C6 and to a greater degree at C6-C7,' with radiating pain and numbness, and that Plaintiff has 'suffered permanent injuries' and 'may require additional therapy or ultimately surgical intervention' in the future.").
[7] Lee v. Walmart, Inc., 237 F. Supp. 2d 577, 580 (E.D. Pa. 2002) ("[A] plaintiff's failure to stipulate might provide some evidence that a claim is truly for more than the jurisdictional minimum.").
[8] Morgan v. Gay, 471 F.3d 469, 475 (3d Cir. 2006) ("Key to the present matter is that the plaintiff's pleadings are not dispositive under the legal certainty test. This Court's task is to examine not just the dollar figure offered by the plaintiff but also her actual legal claims.").

8

In seeking remand, Plaintiffs rely on case law suggesting that a case that is eligible for Pennsylvania's compulsory arbitration program must be remanded.[9] But there are also cases in this district holding that Pennsylvania's arbitration program does not compel remand.[10] Thus, courts are "divided over whether a Pennsylvania plaintiff can avoid removal by limiting her claim to no greater than $50,000 and having her claim referred to compulsory arbitration." Espinosa v. Allstate Ins. Co., No. 07-cv-0746, 2007 WL 1181020, at *4 n.4 (E.D. Pa. Apr. 16, 2007).

The more persuasive cases are those holding that eligibility for arbitration does not compel remand. This is so because the arbitration program does not cap damages in that it does not limit the plaintiff's recovery. A cap is a "limit on the recovery." Cap, Black's Law Dictionary (10th ed. 2014). And while the arbitration program cannot award more than $50,000 in damages,[11] the program does not prevent the ultimate recovery of

---

[9] See Sharawi v. WWR Premier Holdings, LLC, No. 19-cv-5133, 2020 WL 93942, at *5 (E.D. Pa. Jan. 7, 2020) ("Accordingly, had Defendant attempted to remove this action before the arbitration award was appealed on October 3, 2019, we would have had to remand it."); Foster v. Home Depot Inc., No. 05-cv-1999, 2006 WL 470596, at *2 (E.D. Pa. Feb. 24, 2006) ("Courts of this district have consistently held that cases subject to compulsory arbitration under Pennsylvania law may not be removed for lack of federal jurisdiction.").

[10] See Pecko v. Allstate Ins. Co., No. 16-cv-1988, 2016 WL 5239679, at *3 (E.D. Pa. Sept. 22, 2016) ("Accordingly, the Court will not treat the fact that § 7361 caps damages at $50,000 as dispositive . . . ."); Wilson v. Walker, 790 F. Supp. 2d 406, 409 (E.D. Pa. 2011) ("Although the Morgan Court reiterated the 'legal certainty' test set out in Samuel-Bassett, the Court did not hold that a plaintiff's invocation of Section 7361's $50,000 limit is alone dispositive of the amount-in-controversy question." (citing Morgan, 471 F.3d at 474)).

[11] See, e.g., Delamater v. Norgren Kloehn, Inc., No. 14-cv-0008, 2014 WL 671039, at *2 (M.D. Pa. Feb. 21, 2014) ("Pennsylvania law gives effect to ad

9

damages greater than $50,000 if the arbitration award is appealed.[12] The compulsory arbitration program provides that "all cases having an amount in controversy . . . of $50,000 or less shall be assigned to the Compulsory Arbitration Program." Phila. Civ. R. 1301. Neither the Rule nor the Statute providing for compulsory arbitration provide that a party may not ultimately recover more than $50,000, and "Pennsylvania courts have not construed that statute as creating a $50,000 damages cap." Wilson, 790 F. Supp. 2d at 409.[13]

Thus, while a plaintiff may agree to limit its own damages to avoid federal diversity jurisdiction—a sort of self-imposed damages cap—Plaintiffs have refused to enter such a binding stipulation here.[14] So, the Court must look to the actual value of the claims, and at least Brent's claims exceed $75,000 to a legal certainty.[15]

---

damnum clauses, explicitly limiting the recovery amount of cases designated for compulsory arbitration.").
[12] Vanden-Brand v. Port Auth. of Allegheny Cty., 936 A.2d 581, 584 (Pa. Commw. Ct. 2007) ("[A]ppeals from an arbitration award, like the one taken by Vanden-Brand, are de novo, and, as such, a new trial is to be conducted without conditions placed upon the trier of fact with respect to assessing damages according to arbitration limits.").
[13] See also Pecko, 2016 WL 5239679, at *3 ("This Court is persuaded by the courts in this District finding that § 7361 'merely creates a jurisdictional trigger [for arbitration] and is not a substantive recovery limit.'" (quoting Hodges v. Walgreens, No. 12-cv-1162, 2012 WL 1439080, at *3 (E.D. Pa. Apr. 26, 2012))).
[14] See Morgan, 471 F.3d at 474 ("The Supreme Court has long held that plaintiffs may limit their claims to avoid federal subject matter jurisdiction.").
[15] To the extent only Brent's claims meet the amount in controversy requirement, it is appropriate to exercise supplemental jurisdiction over Harvey's claims because all of the claims arise out of the same motor vehicle collision and thus "form part of the same case or controversy." 28 U.S.C. § 1367(a).

**V.   Conclusion**

Plaintiffs' motion to remand is denied because there is diversity of citizenship and at least one plaintiff's claims meet the amount in controversy requirement.

An appropriate Order follows.